ALFRED R. GOEBEL, Plaintiff, *v.* JAMES S. BOLAN, Police Commissioner of the City of New York, Defendant.

Supreme Court, New York County, December 22, 1933.

*Oberwager & Oberwager* [*Charles A. Oberwager* of counsel], for the plaintiff.

*Arthur J. Hilly, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the defendant.

COHN, J. Before preliminary injunctive relief may be granted in a taxpayer's suit brought under section 51 of the General Municipal Law, there must be proof of illegal acts inducing a dissipation of the city's funds, or there must be present the threat of other injury so substantial as to make it proper that taxpayers be protected by injunction. (*Campbell* v. *City of New York*, 244 N. Y. 317, at p. 330.) Municipal police bands are a source of local pride. The New York police band has been a tradition of the local police department and during the past its creditable performances have engendered an *esprit de corps* which should be encouraged rather than

suppressed. Performances should be limited to municipal or public functions and service by a member of the band must not interfere with the performance by such police officer of his regular duties. Upon occasions other than those of a public character, musical entertainment may be left to private musicians, who, it appears, are suffering great economic distress due to the difficulty in obtaining employment. On the papers submitted, however, there is no showing that members of the police band have been neglecting their official duties, or that they have been rendering performances non-public in character, nor does it anywhere appear that public funds either directly or indirectly have been required for the maintenance of the police band. In the absence of such proof, the motion for injunction *pendente lite* must be denied.